**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 8:21-02588-CPM |
| | § | Chapter 7 Case |
| WORK CAT FLORIDA LLC f/k/a | § | |
| WORK CAT TRANS GULF, LLC | § | |
| | § | |
| DOUGLAS N. MENCHISE, | § | |
| as Chapter 7 Trustee | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 8:21-ap-00408-CPM |
| | § | |
| LOUISIANA INTERNATIONAL MARINE, LLC | § | |
| | § | |
| Defendant | § | |
| | § | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**NOW INTO COURT,** through undersigned counsel, comes Defendant Louisiana International Marine, LLC ("***LIM***"), and submits this Answer, Affirmative Defenses and Counterclaims to the Amended Adversary Complaint ("***Amended Adversary Complaint***"), filed by Douglas N. Menchise, in his capacity as Chapter 7 Trustee ("***Trustee***" or "***Plaintiff***") for the estate of Work Cat Florida, LLC f/k/a Work Cat Trans Gulf, LLC, ("***Work Cat***").

### I.   AFFIRMATIVE DEFENSES

Defendant sets for the following affirmative defenses to the Complaint:

#### First Defense

The Amended Adversary Complaint, counts II, III, and IV, fail to state any claim against LIM upon which relief can be granted.

## Second Defense

The Amended Adversary Complaint, counts II, III and IV, should be dismissed because Work Cat Florida, LLC agreed, in connection with that certain Charter Agreement executed on or about November 12, 2020, Paragraph 14 (b) that LIM "*shall not be responsible for loss of, damage to, or any liability arising out of anything towed by*" LIM's vessel.

## Third Defense

The Amended Adversary Complaint, counts II, III and IV, should be dismissed because Work Cat Florida, LLC agreed, in connection with that certain Charter Agreement executed on or about November 12, 2020, Paragraph 14 (c) that "Neither party shall be liable to the other for any consequential damages whatsoever arising out of or in connection with the performance or non-performance of this Charter Party"; and for all other protections, limitations, covenants and undertakings contained in the Charter Agreement which is attached hereto and incorporated herein by reference.

## Fourth Defense

The Amended Adversary Complaint, counts II, III and IV, should be dismissed because the Debtor and the Trustee have incurred no physical damages as a result of the alleged accident as they are not the owner of the barge that was involved; any subsequent damages allegedly incurred by the Debtor, its estate, or the Trustee are due to the actions or inactions of  the Debtor and the Trustee themselves: the Debtor agreed to an order awarding damages against the estate and in favor of Trailer Bridge; the Trustee thereafter failed to contest the Debtor's agreed order; and the Trustee has failed to pursue claims against the Debtor's applicable insurance coverages.

2

**Fifth Defense**

The Amended Adversary Complaint, counts II, III, and IV should be dismissed because Work Cat Florida failed to mitigate its damages. Specifically, the Debtor, Work Cat caused the Atlanta Bridge to be inspected subsequent to the alleged incident; concluded that the damages were superficial; and elected of its own accord, to continue operating.

**Sixth Defense**

The Amended Adversary Complaint, counts II, III, and IV, should be dismissed because the Trustee lacks standing to complain or recover the damages sustained to property of a third party, Trailer Bridge.

**Seventh Defense**

The claims in the Amended Adversary Complaint are barred because the Trustee did not undertake the requisite analysis nor take into account all known or reasonably knowable affirmative defenses of Defendant, as required by 11 U.S.C. §547(b), before filing the Complaint.

**Eighth Defense**

The claims in the Amended Adversary Complaint are barred in whole or in part because the Transfers were intended by the Debtors and the Defendant to be contemporaneous exchanges for new value given to the Debtors; and each was in fact a substantially contemporaneous exchange.

**Ninth Defense**

The claims in the Complaint are barred in whole or in part because Defendant received the Transfers in payment of a debt or debts incurred by Debtor in the ordinary course of business or financial affairs of Debtor and LIM, and such Transfers were made in the ordinary course of

business or financial affairs of the Plaintiff (the debtor) and Defendant,; or such Transfers were made according to the ordinary business terms in the industry.

### Tenth Defense

The claims in the Complaint are barred in whole or in part because after each Transfer, LIM gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest; and on account of which new value Debtor did not make an otherwise unavoidable transfer to or for the benefit of LIM.

### Eleventh Defense

The Trustee's claims are barred in whole or in part by setoff and/or recoupment.

### Twelfth Defense

The Trustee's invocation of Section 502(d) of the Bankruptcy Code to disallow an administrative claim is unsupported by law because Section 502's definition of "claim" refers to pre-petition claims, not administrative expense claims.

### Thirteenth Defense

Answering the specific allegations of the Amended Adversary Complaint, LIM avers as follows:

1.  Paragraph 1 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

2.  Paragraph 2 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

3.  Paragraph 3 of the Amended Adversary Complaint requires no response;  to the extent a response is required, it is denied.

4.  Paragraph 4 of the Amended Adversary Complaint alleges no facts and therefore requires

no response; to the extent a response is required, it is denied.

5.      Paragraph 5 of the Amended Adversary Complaint is admitted insofar as Louisiana International Marine is an administrative creditor of the estate.

6.      Paragraph 6 of the Amended Adversary Complaint is admitted except insofar as the Trustee's claims asserted in Count II, III, and IV are not core matters.

7.      Paragraph 7 of the Amended Adversary Complaint alleges no facts and therefore requires no response.

8.      The allegations contained in Paragraph 8 of the Amended Adversary Complaint require no response by LIM; to the extent a response is required, they are denied.

9.      The allegations contained in Paragraph 9 of the Amended Adversary Complaint are admitted.

10.     The allegations contained in Paragraph 10 of the Amended Adversary Complaint are denied for lack of sufficient information to justify a belief therein.

11.     The allegations contained in Paragraph 11 of the Amended Adversary Complaint are admitted.

12.     The allegations contained in Paragraph 12 of the Amended Adversary Complaint are admitted.

13.     The allegations contained in Paragraph 13 of the Amended Adversary Complaint are admitted insofar as the document was executed; however, the contract is the best evidence of its contents.

14.      The allegations contained in Paragraph 14 of the Amended Adversary Complaint are admitted insofar as the document was executed; however, the contract is the best evidence of its contents.

15.    The allegations contained in Paragraph 15 of the Amended Adversary Complaint are admitted.

16.    The allegations of Paragraph 16 of the Amended Adversary Complaint are denied for lack of sufficient information to justify a belief therein. LIM was not a party to the alleged contract.

17.    The allegations of Paragraph 17 of the Amended Adversary Complaint are denied for lack of sufficient information to justify a belief therein. LIM was not a party to the alleged contract.

18.    The allegations of Paragraph 18 of the Amended Adversary Complaint are admitted to the extent a collision occurred on April 7, 2021, but denied to the extent Paragraph 18 refers to the Atlanta Bridge as the "Debtor's unmanned chartered barge" which conflicts with the Trustee's own allegations that the barges were owned by Trailer Bridge.

19.    The allegations of Paragraph 19 of the Amended Adversary Complaint, which paraphrase and rephrase an Incident Report, are denied as written.

20.    The allegations of Paragraph 20 of the Amended Adversary Complaint, which paraphrase and rephrase an Incident Report, are denied as written.

21.    The allegations of Paragraph 21 of the Amended Adversary Complaint are denied.

22.    The allegations of Paragraph 22 of the Amended Adversary Complaint are denied.

23.    The allegations of Paragraph 23 of the Amended Adversary Complaint are denied.

24.    The allegations of Paragraph 24 of the Amended Adversary Complaint are denied.

25.    The allegations of Paragraph 25 of the Amended Adversary Complaint are denied.

26.    The allegations of Paragraph 26 of the Amended Adversary Complaint are denied.

27.    The allegations of Paragraph 27 of the Amended Adversary Complaint are admitted.

28.    The allegations of Paragraph 28 of the Amended Adversary Complaint are denied as written; furthermore, Paragraph 28 of the Complaint reflects that although the Trustee stands in the position of a fiduciary to all creditors, it has acted and continues to act in concert with and for the benefit of Trailer Bridge.

29.    The allegations of Paragraph 29 of the Amended Adversary Complaint are denied.

30.    The allegations of Paragraph 30 of the Amended Adversary Complaint are denied, except to admit that LIM received payments within 90 days of the Petition Date.

31.    The allegations of Paragraph 31 of the Amended Adversary Complaint are admitted to the extent that LIM received payments for services on the dates set forth; the balance is denied.

32.    The allegations of Paragraph 32 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential.

33.    The allegations of Paragraph 33 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential.

34.    The allegations of Paragraph 34 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential; however, LIM admits it was a creditor of the Debtor.

35.    The allegations of Paragraph 35 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential; however, LIM admits that the payments received from Debtor reduced or satisfied the Debtor's debt to LIM.

36.    The allegations of Paragraph 36 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential; however, LIM admits that debts were owed by the Debtor to LIM.

37.    The allegations contained in Paragraph 37 of the Amended Adversary Complaint are denied.

38.    The allegations contained in Paragraph 38 of the Amended Adversary Complaint are denied.

39.    Paragraph 39 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

40.    Paragraph 40 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

41.    Paragraph 41 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

42.    The allegations contained in Paragraph 42 of the Amended Adversary Complaint are denied.

43.    The allegations contained in Paragraph 43 of the Amended Adversary Complaint are denied.

44.    The allegations contained in the "WHEREFORE" paragraph following Paragraph 43 of the Amended Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

45.    Paragraph 44 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

46.    Paragraph 45 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

47.    The allegations of Paragraph 46 of the Amended Adversary Complaint are admitted to the extent a collision occurred on April 7, 2021, but denied to the extent Paragraph 46 refers

to the Atlanta Bridge as the "Debtor's vessel" which conflicts with the Trustee's own allegations that the barges were owned by Trailer Bridge.

48.    The allegations contained in Paragraph 47 of the Amended Adversary Complaint are denied insofar as the parties' relationship is set forth in a written agreement which is the best evidence of its contents.

49.    The allegations contained in Paragraph 48 of the Amended Adversary Complaint are denied.

50.    The allegations of Paragraph 49 of the Amended Adversary Complaint, which paraphrase and rephrase an Incident Report, are denied as written.

51.    The allegations of Paragraph 50 of the Amended Adversary Complaint, which paraphrase and rephrase an Incident Report, are denied as written.

52.    The allegations contained in Paragraph 51 of the Amended Adversary Complaint are denied.

53.    The allegations contained in Paragraph 52 of the Amended Adversary Complaint are denied.

54.    The allegations contained in Paragraph 53 of the Amended Adversary Complaint are denied.

55.    The allegations contained in Paragraph 54 of the Amended Adversary Complaint are denied.

56.    The allegations contained in Paragraph 55 of the Amended Adversary Complaint are denied.

57.    The allegations contained in the "WHEREFORE" paragraph following Paragraph 55 of the Amended Adversary Complaint allege no facts and therefore require no response; to the

extent a response is required, they are denied.

58.    Paragraph 56 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

59.    Paragraph 57 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

60.    The allegations of Paragraph 58 of the Amended Adversary Complaint are admitted to the extent a collision occurred on April 7, 2021, but denied to the extent Paragraph 46 refers to the Atlanta Bridge as the "Debtor's vessel" which conflicts with the Trustee's own allegations that the barges were owned by Trailer Bridge.

61.    The allegations contained in Paragraph 59 of the Amended Adversary Complaint are denied insofar as the parties' relationship is set forth in a written agreement which is the best evidence of its contents.

62.    The allegations contained in Paragraph 60 of the Amended Adversary Complaint are denied.

63.    The allegations contained in Paragraph 61 of the Amended Adversary Complaint are denied.

64.    The allegations of Paragraph 62 of the Amended Adversary Complaint, which paraphrase and rephrase an Incident Report, are denied as written.

65.    The allegations of Paragraph 63 of the Amended Adversary Complaint, which paraphrase and rephrase an Incident Report, are denied as written.

66.    The allegations contained in Paragraph 64 of the Amended Adversary Complaint are denied.

67.    The allegations contained in Paragraph 65 of the Amended Adversary Complaint are

denied.

68.    The allegations contained in Paragraph 66 of the Amended Adversary Complaint are denied.

69.    The allegations contained in Paragraph 67 of the Amended Adversary Complaint are denied.

70.    The allegations contained in Paragraph 68 of the Amended Adversary Complaint are denied.

71.    The allegations contained in the "WHEREFORE" paragraph following Paragraph 68 of the Amended Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

72.    Paragraph 69 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

73.    The allegations contained in Paragraph 70 of the Amended Adversary Complaint are denied insofar as the parties' relationship is set forth in a written agreement which is the best evidence of its contents.

74.    The allegations of Paragraph 71 of the Amended Adversary Complaint are admitted to the extent a collision occurred on April 7, 2021, but denied to the extent Paragraph 46 refers to the Atlanta Bridge as the "Debtor's vessel" which conflicts with the Trustee's own allegations that the barges were owned by Trailer Bridge.

75.    The allegations contained in Paragraph 72 of the Amended Adversary Complaint are denied.

76.    The allegations contained in Paragraph 73 of the Amended Adversary Complaint are denied.

77.   The allegations contained in Paragraph 74 of the Amended Adversary Complaint are denied.

78.   The allegations contained in the "WHEREFORE" paragraph following Paragraph 74 of the Amended Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

79.   Paragraph 75 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

80.   Paragraph 76 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

81.   Paragraph 77 of the Amended Adversary Complaint is denied.

82.    Paragraph 78 of the Amended Adversary Complaint is denied.

83.   Paragraph 79 of the Amended Adversary Complaint is denied.

84.   The allegations contained in the "WHEREFORE" paragraph following Paragraph 79 of the Amended Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

85.   Paragraph 80 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

86.   Paragraph 81 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

87.   The allegations of Paragraph 82 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential.

88.   The allegations of Paragraph 83 of the Amended Adversary Complaint are denied for lack of sufficient information to justify a belief therein.

89.    The allegations of Paragraph 84 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential; however, LIM admits it was a creditor of the Debtor.

90.    The allegations of Paragraph 85 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential; however, LIM admits that the payments received from Debtor reduced or satisfied the Debtor's debt to LIM.

91.    The allegations of Paragraph 86 of the Amended Adversary Complaint are denied to the extent the Trustee characterizes the payments at issue as preferential; however, LIM admits that the payments received from Debtor reduced or satisfied the Debtor's debt to LIM.

92.    The allegations of Paragraph 87 of the Amended Adversary Complaint are denied for lack of sufficient information to justify a belief therein.

93.    The allegations of Paragraph 88 of the Amended Adversary Complaint are denied.

94.    The allegations of Paragraph 89 of the Amended Adversary Complaint are denied.

95.    The allegations of Paragraph 90 of the Amended Adversary Complaint are denied.

96.    The allegations of Paragraph 91 of the Amended Adversary Complaint are denied.

97.    The allegations contained in the "WHEREFORE" paragraph following Paragraph 91 of the Amended Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

98.    Paragraph 92 of the Amended Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

99.    The allegations of Paragraph 93 of the Amended Adversary Complaint are denied.

100.   The allegations of Paragraph 94 of the Amended Adversary Complaint are denied.

101.   The allegations of Paragraph 95 of the Amended Adversary Complaint are denied.

102.   The allegations of Paragraph 96 of the Amended Adversary Complaint are denied;

103.   The allegations of Paragraph 97 of the Amended Adversary Complaint are denied.

104.   The allegations contained in the "WHEREFORE" paragraph following Paragraph 97 of the Amended Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

## II.  COUNTERCLAIMS

LIM, as Defendant and Counter-Plaintiff, submits this Counterclaim against Douglas N. Menchise, in his capacity as Chapter 7 Trustee for the estate of Work Cat Florida, LLC f/k/a Work Cat Trans Gulf, LLC.

### A.  Preliminary Statement Regarding Counterclaims

Pursuant to Federal Rule of Bankruptcy Procedure 7013, LIM limits the counterclaims asserted here to those arising after the entry of the order for relief. The Court has issued an order, after notice and a hearing, finding that the amount due to LIM for post-petition services to the Debtor in the amount of $192,200.00 is reasonable (See Doc. No. 292).

### B.  Parties

1.   Louisiana International Marine, LLC is the original Defendant and now Counter-Plaintiff.

2.   Douglas N. Menchise, in his capacity as Chapter 7 Trustee is the original Plaintiff and now Counter-Defendant.

### C.  Jurisdiction and Venue

3.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This counterclaim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (B).

4.   Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## D. Background

5.      Prepetition, LIM provided liner services for the for the barges MEMPHIS BRIDGE

(Official Number 1067458) and the ATLANTA BRIDGE (Official Number 1067457)

between Tampa, Florida and Brownsville Texas.

6.      LIM's services were governed by a Charter Agreement executed on or about November

12, 2020.

7.      Pursuant to that Charter Agreement, LIM's vessels M/V LA COMMANDER and M/V

LA MADONNA provided liner services between Tampa, Florida and Brownsville, Texas to

Work Cat starting on December 11, 2020.

8.      On December 30, 2020, LIM's vessel LA INVADER replaced LA MADONNA and

continued to provide liner services pursuant to the Charter Agreement.

9.      The Charter Agreement between the parties is a standard form "BIMCO SUPPLYTIME

2005 Time Charter Party for Offshore Service Vessels."

10.     The Charter Agreement defines LIM as "Owner" and Work Cat as "Charterer."

11.     The parties made certain agreed upon changes to the BIMCO Charter Agreement's

standard form "Part II" section that outlines terms and conditions associated with the

Agreement.

12.     The parties did not make any changes to the standard language of the "Liabilities and

Indemnities" provision, found at Paragraph 14.

13.     The version of Form II upon which the parties agreed is attached hereto as Exhibit "A".

14.     Work Cat executed the Charter Agreement's Part I, attached hereto as Exhibit "B", and

thereby accepted the BIMCO Charter Agreement as revised by the parties.

15.     LIM executed the Charter Agreement's Part I, attached hereto as Exhibit "B", and

thereby accepted the BIMCO Charter Agreement as revised by the parties.

16. The Charter Agreement, Paragraph 14 (b), stated that LIM "shall not be responsible for loss of, damage to, or any liability arising out of anything towed by the Vessel."

17. The Charter Agreement, Paragraph 14(c), bars consequential damages.

18. Paragraph 14 (b) further provided that Charterers be required to indemnify, defend and hold harmless LIM in the event of any claims such as the ones the Trustee has brought against LIM in the Amended Adversary Complaint.

19. On May 18, 2021 the Debtor filed a voluntary Chapter 11 petition in this Court.

20. As of the Petition Date, a total amount of $192,200 was due to LIM for post-petition services provided by LIM to the Debtor.

21. After notice and a hearing, the Court issued an order, on February 3, 2022, finding that the amount due to LIM for post-petition services to the Debtor in the amount of $192,200.00 is reasonable.

22. On December 7, 2021, the Trustee filed an Adversary Complaint against LIM, claiming damages for liability arising out of things towed by LIM's vessel, and for alleged consequential damages.

23. On January 24, 2022, LIM filed a Motion to Dismiss Trustee's Adversary Complaint, which urged the Court, in relevant part, to dismiss Trustee's claims for negligence and declaratory judgment on the basis that such claims are barred pursuant to the "knock for knock" indemnity provision contained in the Charter Agreement.

24. On February 14, 2022, the Trustee sought and obtained leave from this Court to amend his complaint. The Trustee's Amended Adversary Complaint included additional claims for the same loss, but now predicated upon gross negligence and breach of the implied warranty

16

of workmanlike performance.

25.    The Trustee's actions in pursuing these claims have required LIM to incur costs and expenses which were agreed to be indemnified in connection with the Charter Agreement, and these costs and expenses continue to accrue.

## Count I – Allowance of Administrative Claim

26.    As of the Petition Date, a total amount of $192,200 was due to LIM for post-petition services provided by LIM to the Debtor.

27.    After notice and a hearing, the Court issued an order, on February 3, 2022, finding that the amount due to LIM for post-petition services to the Debtor in the amount of $192,200.00 is reasonable.

28.    LIM requests that the Court enter an Order allowing an administrative expense claim in the amount of $192,200 pursuant to 11 U.S.C. §503, and directing the Trustee to pay such amounts together with costs and interest.

## Count II – Indemnity

29.    The trustee in a bankruptcy case is the representative of the estate; and has capacity to sue and be sued pursuant to Section 323 of Title 11 of the United States Code.

30.    The Charter Agreement Paragraph 14 (b) stated that LIM "shall not be responsible for loss of, damage to, or any liability arising out of anything towed by the Vessel."

31.    The Charter Agreement, Paragraph 14(c), bars consequential damages.

32.    Paragraph 14 (b) further provided that Charterers are required to indemnify, defend and hold harmless LIM in the event of any claims such as the ones the Trustee has brought against LIM in the Amended Adversary Complaint.

33.    As of the date of conversion of this case, when Mr. Menchise was appointed as Chapter 7

Trustee, no action had been filed by the Debtor or its estate against LIM for liability arising out of anything towed by the LIM's vessel, or for alleged consequential damages.

34.     The Trustee had notice of the Charter Agreement and the indemnity provisions contained therein prior to bringing this action on behalf of the estate.

35.     On December 7, 2021, the Trustee filed an Adversary Complaint against LIM, claiming damages for liability arising out of things towed by LIM's vessel, and for alleged consequential damages.

36.     The Trustee filed the Adversary Complaint, and thereafter, the Amended Adversary Complaint, as representative of the estate pursuant to Section 323 of Title 11 of the United States Code.

37.     The Trustee's actions in pursuing these barred claims have required LIM to incur costs and expenses which were agreed to be indemnified in connection with the Charter Agreement, inclusive of attorney's fees, costs, and other expenses, and these costs and expenses continue to accrue.

**WHEREFORE,** LIM prays that after due proceedings,

i)   That its Answer be deemed sufficient and there be judgment in LIM's favor dismissing all claims of the Trustee, and for all other appropriate legal and equitable relief;

ii)  That the Trustee appear and answer the Counterclaim herein and that after due proceedings, there be judgment in favor of LIM and against the Trustee for all damages and losses together with interest, costs, and attorney's fees and for all other legal and equitable relief appropriate in the premises.

Respectfully submitted:

*/s/ Joseph P. Briggett* _____

LUGENBUHL, WHEATON,      JOSEPH P. BRIGGETT (LA #33029)
PECK, RANKIN & HUBBARD   JACKSON M. SMITH (LA #38406)
                         601 Poydras Street, Suite 2775
                         New Orleans, LA 70130
                         Telephone: (504) 568-1990
                         Facsimile: (504) 310-9195
                         E-mail: jbriggett@lawla.com; jsmith@lawla.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon the parties that receive electronic notice via the Court's CM/ECF system on this 25th day of May, 2022.

/s/ *Joseph P. Briggett*
Joseph P. Briggett