# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:                                                   Case No.: 8:21-02588-CPM

Chapter 7 case

WORK CAT FLORIDA LLC f/k/a
WORK CAT TRANS GULF, LLC,

    Debtor.

_____/

DOUGLAS N. MENCHISE,
as Chapter 7 Trustee

    Plaintiff,

v.                                                      Adversary No.: 8:21-ap-00408-CPM

LOUISIANA INTERNATIONAL MARINE, LLC,

    Defendant.

_____/

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
## TO COUNTERCLAIM

Plaintiff, Douglas N. Menchise, as Chapter 7 Trustee (the "Trustee"), files his Answer and Affirmative Defenses to Defendant, Louisiana International Marine, LLC's ("LIM") Counterclaim (Doc. 28).

## ANSWER

    1.    Admitted.

    2.    Admitted.

    3.    Admitted for jurisdictional purposes only; otherwise denied.

1

4. Admitted for venue purposes only; otherwise denied.

5. Admitted that LIM provided towing services for the barges MEMPHIS BRIDGE and ATLANTA BRDIDGE between, but not limited to, Tampa, Florida and Brownsville, Texas.

6. Admitted that LIM and Work Cat Florida, LLC entered into a charter agreement; otherwise without knowledge and, therefore, denied.

7. Being a written instrument, the Charter Agreement is the best evidence of its contents; otherwise denied.

8. Without knowledge, therefore denied.

9. Denied.

10. Being a written instrument, the Charter Agreement is the best evidence of its contents; otherwise denied.

11. Without knowledge; therefore denied.

12. Without knowledge; therefore denied.

13. Without knowledge; therefore denied.

14. Without knowledge; therefore denied.

15. Without knowledge; therefore denied.

16. Being a written instrument, the Charter Agreement is the best evidence of its contents; otherwise denied.

17. Being a written instrument, the Charter Agreement is the best evidence of its contents; otherwise denied.

18. Being a written instrument, the Charter Agreement is the best evidence of its contents; otherwise denied.

19. Admitted.

20. The Court's Order Granting Amended Motion for Allowing Payment of Administrative Claims Pursuant to §503(b)(1)(A) and 507(a)(2) (Doc.245) speaks for itself. (Doc. 292, Case No.: 8:21-bk-02588). Denied that any amount is due and owing to LIM.

21. The Court's Order Granting Amended Motion for Allowing Payment of Administrative Claims Pursuant to §503(b)(1)(A) and 507(a)(2) (Doc.245) speaks for itself. (Doc. 292, Case No.: 8:21-bk-02588). Denied that any amount is due and owing to LIM.

22. Admitted that the Trustee filed an Adversary Complaint against LIM. Denied as to LIM's characterization of the allegations of the Adversary Complaint.

23. Admitted that LIM filed a Motion to Dismiss Trustee's Adversary Complaint. Denied as to LIM's characterization of the contents of the Motion to Dismiss Trustee's Adversary Complaint.

24. Admitted that the Trustee sought and obtained leave to file its Amended Adversary Complaint. Denied as to LIM's characterization of the allegations of the Amended Adversary Complaint.

25. Denied.

26. The Court's Order Granting Amended Motion for Allowing Payment of Administrative Claims Pursuant to §503(b)(1)(A) and 507(a)(2) (Doc.245) speaks for

itself. (Doc. 292, Case No.: 8:21-bk-02588). Denied that any amount is due and owing to LIM.

27. The Court's Order Granting Amended Motion for Allowing Payment of Administrative Claims Pursuant to §503(b)(1)(A) and 507(a)(2) (Doc.245) speaks for itself. (Doc. 292, Case No.: 8:21-bk-02588). Denied that any amount is due and owing to LIM.

28. Denied.

29. Admitted.

30. Being a written instrument, the Charter Agreement speaks for itself. To the extent a response is required, denied.

31. Being a written instrument, the Charter Agreement speaks for itself. To the extent a response is required, denied.

32. Being a written instrument, the Charter Agreement speaks for itself. To the extent a response is required, denied.

33. Without knowledge and therefore Denied.

34. Denied.

35. Admitted that the Trustee filed an Adversary Complaint against LIM. Denied as to LIM's characterization of the allegations of the Adversary Complaint.

36. Admitted.

37. Denied.

Plaintiff denies that LIM is entitled to any relief sought in the *Ad Damnum* clause of the Count II of the Counterclaim and demands judgment in his favor, along with an award of attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a claim because the purported indemnity provision relied upon by LIM only applies to claims brought by third parties. It does not apply to claims between LIM and Work Cat.

### Second Affirmative Defense

The Counterclaim fails to state a claim because the purported indemnity provision relied upon by LIM does not expressly require Work Cat to indemnify LIM against its own claims.

### Third Affirmative Defense

The Counterclaim fails to state a claim because the purported indemnity provision relied upon by LIM does not expressly include claims for gross negligence.

### Fourth Affirmative Defense

The Counterclaim fails to state a claim because the purported indemnity provision relied upon by LIM would give the indemnity provision the effect of an exculpatory clause and does not unequivocally indicate what Work Cat is contacting away.

## Fifth Affirmative Defense

The Counterclaim fails to state a claim because the Charter Agreement does not expressly disclaim the Implied Warranty of Workmanlike Performance.

## Sixth Affirmative Defense

To the extent that Work Cat is liable to LIM under Count II, which the Trustee denies, LIM waived, and is estopped from, seeking damages for the time period prior to the filing of the Counterclaim based on its failure to provide notice of its claim for indemnity and failure to make a demand for same.

Date: June 16, 2022

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**
*Isl Steven M Berman*
**STEVEN M. BERMAN, ESQUIRE** Florida Bar No.: 856290
Primary E-Mail: sberman@shumaker.com 101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Phone (813) 229-7600
Facsimile (813) 229-1660
*Counsel for Trustee Douglas N. Menchise, Ch. 7 Trustee*

**Turkel Cuva Barrios, P.A.**
*Is/ Anthony J. Cuva*
**ANTHONY J. CUVA, ESQUIRE** Florida Bar No.: 896251
Primary E-Mail: cuva@tcb-law.com

*/s/ Anthony J. Severino*
**ANTHONY J. SEVERINO, ESQUIRE**
Florida Bar No.: 93452
Primary E-Mail: aseverino@tcb-law.com
101 N. Tampa Street, Suite 1900
Tampa, Florida 33602
Phone (813) 834-9191
*Counsel for Trustee Douglas N. Menchise,*
*Ch. 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2022, the foregoing was furnished by CM/ECF notice to all counsel of record.

*/s/ Steven M Berman*
**Attorney**

7